Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

2012 JUN 13 AM 9: 42

CLERK OF COURT

BY

IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| ODILIA BAUTISTA and JOSEPH A. GUTHRIE,<br>            Plaintiffs,<br><br>    v.<br><br>GERALD SA PEREZ, et. al.,<br><br>            Defendants. | CIVIL CASE NO. CV1848-01<br><br>DECISION AND ORDER<br>ON PLAINTIFF GUTHRIE'S MOTION<br>FOR ENFORCEMENT |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on August 15, 2011, on Plaintiff Guthrie's motion for enforcement of a prior order of this Court issued on February 23, 2003. Plaintiff, acting *pro se*, was present. Attorney Elyze M Iriarte represented the Defendants, the Trustees of the Government of Guam Retirement Fund ("Board").[1] Following the hearing, this Court took the matter under advisement. In order to receive additional information, this Court issued an Order to Show cause to the Board requiring the Board to appear on January 12, 2012 and explain to this Court its efforts to comply with its obligations under the law. After considering the parties' written and oral arguments regarding the underlying motion for enforcement as well as the information provided at the show cause hearing the Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff Guthrie is a member of a Government of Guam Defined Benefit Plan ("DB Plan") established in 1951. The DB Plan provides for a fixed, determinable, defined annuity

---

[1] The original Complaint named as defendants those individuals serving as Trustees for the Government of Guam Retirement Fund at the time the complaint was filed. The current Trustees are Joe T. San Agustin, Wilfred Leon Guerrero, Katherine Taitano, Antolina Leon Guerrero,

based on an employee's earnings and years of service. The government's cost to provide this defined benefit is whatever is necessary to provide the benefit and these costs are paid from the Government of Guam Retirement Fund ("Fund"). See 4 G.C.A. § 8168.

In 2001, Plaintiffs Guthrie and Bautista filed an action for declaratory relief in relation to various laws passed by the legislature that created additional funding obligations by the Fund. The laws established non-vested benefits and cost of living increases to be paid to retirees, though the legislature did not appropriate funds upfront to pay for the benefits. Instead, the Fund agreed to "pick up" the liability on the condition that costs would be amortized and paid back over a period of years. Plaintiffs sought a judicial determination and declaration that would essentially relieve the Fund of any obligation to pay for these unfunded liabilities because, as Plaintiffs argued, such obligations negatively impacted the maintenance of an actuarially sound retirement fund.

In a Decision and Order dated February 23, 2003 ("Order"), this Court ultimately found that a government employee's right to collect a pension under a public retirement statute amounts to contractual rights and that the government cannot generally pass a law that impairs that contractual right. See Bautista v. Perez, Civil Case No. 1848-01, *Decision and Order on Motion for Summary Judgment* (Feb. 23, 2003). This Court determined that "diversion of funds increases the Retirement Fund's unfunded accrued actuarial liability, thus impairing the soundness of the Fund" and undermines the government's ability to perform its contractual obligations. Id. The Order therefore explained that the Board must, *inter alia*, challenge legislation that would amend the DB Plan to increase benefits levels, reduce or delay funding of contributions, "or otherwise impair the ability of the government to provide retirement, disability, and survivor benefits to members and beneficiaries." Id.

In 2011, the Guam Legislature passed Public Law 31-1. This law broadened the positions under which a retired government worker could be re-employed while, at the same time continuing to collect a pension. Plaintiff argues re-hiring of government workers who continue to

George A. Santos, Gerard Cruz, and Wilfred Aflague. These current trustees are substituted as Defendants, in their official capacities, pursuant to Guam Rule of Civil Procedure 25(d).

-2-

receive a pension amounts to "double-dipping" that effectively increases the unfunded liability of the fund and expands minimum eligibility requirements. Plaintiff therefore argues that the Board was required by this Court's Order to challenge this legislation.

In 2011, the Guam Legislature also passed Public Law 31-74. This law reduced the contribution rate of select government agencies from June 4, 2011, to September 30, 2011. The total reduction (or "savings") from the reduction totaled $6,837,736, and this amount was then re-appropriated and applied in large part to cover health insurance premiums for government workers and retirees. The law added the amount of the savings to the total delinquent amount owed to the Fund and required that the outstanding principal and interest owed to the Fund would be repaid with money from the next general obligation bond issue of the Government of Guam. Notwithstanding the repayment provision, which Plaintiff argues is merely illusory, Plaintiff asserts that because P.L. 31-74 expressly reduced contributions to the Fund, the Board was required to challenge that law pursuant to this Court's Order.

In response to Plaintiff's assertions, the Board claims that it has fully complied with the Order and its fiduciary obligations. The Board argues that while P.L. 31-1 may not represent sound fiscal policy on the part of the legislature, the law does not adversely affect the DB Plan as Plaintiff argues: While the employees may be double dipping in terms of receiving both a salary and annuity, they have already made their full contributions to the DB Plan and do not receive additional DB Plan benefits under the law.

## DISCUSSION

This Court is convinced at this time that the Board has complied both with its fiduciary duties and with this Court's Order. Title 4, section 8139.1(b) of the Guam Code sets forth the Board's fiduciary duties: "The members of the Board of Trustees shall discharge their duties with respect to the management of the Retirement Fund solely in the interest of the members and beneficiaries of the Fund and for exclusive purpose of Providing benefits to the members and beneficiaries and defraying reasonable expenses of administering the Fund." This Court's Order neither added to nor removed from those fiduciary duties established under section 8139.1(b). By issuing the Order, this Court merely attempted to clarify that the Board has a fiduciary obligation

-3-

to consider legislation that may affect the actuarial soundness of the fund challenge laws that are likely to negatively impact the resources available to the Fund for payment of member benefits.

With respect to P.L. 31-74, this Court is convinced that by analyzing the law and weighing its effects on the financial integrity of the Fund and concluding that no challenge was necessary, the Board acted in a responsible manner as to its fiduciary obligations under section 8139.1 and did not act inconsistently with the spirit of this Court's Order. The Board considered the implications of P.L. 31-74 and found that rather than impair the Fund's ability to provide retirement, disability, and survivor benefits, the law would actually result in a net gain of resources that would allow the Board and the Fund to provide these benefits. And while it is true that the Order directs the Board to challenge legislation that would effectively "reduce or delay funding of contributions," this Court was primary concerned with ensuring that the Board take appropriate measures to promote and ensure the actuarial soundness of the Fund. Unlike the law at issue in the original case, which essentially allowed for rechanneling of monies from the Fund to other sections of the government with only vague prospects of repayment, P.L. 31-74 makes a clear appropriation for prompt repayment of diverted funds, with interest, and provides for a substantial benefit to the Fund – namely the repayment in full of the outstanding deficiency owed to the Fund. See P.L. 31-74, section 3, (a)-(c). Thus, the current legislation does not appear on its face to have the effect of "otherwise impair[ing] the ability of the government to provide retirement, disability, and survivor benefits to members and beneficiaries." As such, this Court is satisfied with the Board's action – or in this case inaction – with respect to P.L. 31-74.

Moreover, this Court declines to issue an enforcement order with respect to P.L. 31-1. There is simply no indication that P.L. 31-1 amends the DB Plan to increase benefits levels or to expand minimum eligibility requirements as this Court cautioned against in its Order. The law simply broadens the list of retired government workers who may become re-employed while continuing to receive an annuity. Those workers are required to enroll in the Defined Contribution Plan, but they do not receive expanded eligibility or benefits relating to their Defined Benefit pension for which they have already made all necessary contributions to support the annuity payments which they receive pursuant to Guam law. Further, the Board did, in fact,

-4-

challenge the law on grounds that the law does not represent sound fiscal policy. However, as there is no indication that the law compromises the actuarial soundness of the Fund or its ability to pay benefits to DB Plan members this Court finds that the circumstances here do not support an order requiring the Board to challenge the legislation in court.

## CONCLUSION

This Court finds that the Board has complied with its obligations prescribed by Guam law and this Court's Order. At the hearing on the Order to Show Cause, the Board indicated that the Fund is next in line to be repaid from the government's next general obligation bond. The Board indicated that bond funds would likely be released in June and that ensuring payment of those funds is a top priority of the Board. In the meantime, the Board asserts that the Fund continues to make all required benefit payments to its members and that all interest payments owed to the Fund are current. In order to ensure payment to the Fund out of the next bond issue, the Board shall appoint a representative to be present at any discussions between the Governor and Legislature in which priority of payments regarding the next general obligation bond will be discussed. Based on the foregoing, Plaintiff Guthrie's motion for enforcement is hereby DENIED. A Further Proceedings hearing is scheduled for April 2, 2012, at 3:00 p.m. at which time this Court expects the Board report on its progress in securing payment of all outstanding amounts owed to the Fund.

It is **SO ORDERED** this 13th day of March, 2012.

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAR 1 3 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam